**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NANCY ROBINSON, | ) | NO. CV 12-10285-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

///

///

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

**PROCEEDINGS**

Plaintiff filed a complaint on December 3, 2012, seeking review of the Commissioner's denial of disability benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on January 8, 2013.  Plaintiff filed a motion for summary judgment on June 26, 2013.  Defendant filed a cross-motion for summary judgment on August 26, 2013.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed December 6, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former physical fitness instructor, asserts disability since March 2, 2002, based on a combination of alleged physical impairments (Administrative Record ("A.R.") 40-97, 102-04, 257-58, 283, 333).  Plaintiff's last insured date was September 30, 2006 (A.R. 122).

The Administrative Law Judge ("ALJ") determined that Plaintiff suffers from "the following severe impairments: degenerative disc disease involving the cervical and lumbar spine and migraine headaches" (A.R. 123).  The ALJ found that, through the date last insured, Plaintiff retained the residual functional capacity to perform light work, "except that [Plaintiff] could perform occasional overhead reaching and perform all postural activities occasionally." (Id.).
///

The ALJ consulted a vocational expert in connection with evaluating whether a person having Plaintiff's residual functional capacity could perform Plaintiff's past relevant work as a physical fitness instructor (A.R. 98-100, 128). In a hypothetical question posed to this vocational expert, however, the ALJ referenced a person who could perform the full range of light work (A.R. 99). The hypothetical question failed to include any restriction on overhead reaching or any restriction on postural activities (Id.). The vocational expert testified that a person who could perform the full range of light work could perform Plaintiff's past relevant work as a physical fitness instructor "as she has described her past work in file, and as it is described by the Dictionary of Occupational Titles" (A.R. 99-100).

In express reliance on the testimony of the vocational expert, the ALJ found that Plaintiff had been capable of performing Plaintiff's past relevant work as a physical fitness instructor through the date last insured (A.R. 128). The ALJ stated that "[t]he vocational expert testified that a hypothetical claimant with [Plaintiff's] residual functional capacity would be able to perform [Plaintiff's] past relevant work as generally and actually performed." (Id.) The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the

3

1 Administration used correct legal standards.  See Carmickle v.
2 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008).  Substantial
3 evidence is "such relevant evidence as a reasonable mind might accept
4 as adequate to support a conclusion." Richardson v. Perales, 402 U.S.
5 389, 401 (1971) (citation and quotations omitted); see Widmark v.
6 Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

   The ALJ's decision mischaracterizes the vocational expert's
testimony.  Contrary to the ALJ's decision, the vocational expert did
not testify that "a hypothetical claimant with [Plaintiff's] residual
functional capacity would be able to perform [Plaintiff's] past
relevant work as generally and actually performed."  In fact, the
vocational expert was never asked whether a hypothetical claimant with
Plaintiff's residual functional capacity, including her limitations on
overhead reaching and postural activities, would be able to perform
Plaintiff's past relevant work as generally and actually performed.

   Where, as here, a hypothetical question fails to "set out all of
the claimant's impairments," the vocational expert's answers to the
question cannot constitute substantial evidence to support the ALJ's
decision.  See, e.g., DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir.
1991); Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987);
Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); see also
Social Security Ruling 96-8p (in assessing residual functional
capacity, the ALJ must consider all limitations imposed by all
impairments, even non-severe impairments; "the limitations due to such

a 'not severe' single impairment may prevent an individual from performing past relevant work . . ."); 20 C.F.R. § 404.1545(e) ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity"); accord Carmickle v. Commissioner, 533 F.3d at 1164. The ALJ thus erred by failing to include all of Plaintiff's limitations in the hypothetical question and by mischaracterizing the vocational expert's testimony. Id.; see also Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (materially "inaccurate characterization of the evidence" warrants remand); Lesko v. Shalala, 1995 WL 263995, at *7 (E.D.N.Y. Jan. 5, 1995) (same).

Defendant does not appear to contest the fact that the Dictionary of Occupational Titles ("D.O.T.") describes the job of physical fitness instructor as requiring, inter alia, frequent (rather than occasional) stooping, crouching and reaching (Defendant's Motion at 3-4; see D.O.T. 153.227-014). Defendant argues, however, that the Court should uphold the administrative decision because: (1) Plaintiff assertedly reported that her past relevant work as actually performed did not require "any postural activities"; and (2) the ALJ found Plaintiff could perform her past relevant work as "actually" performed (Defendant's Motion at 3-4).

Contrary to Defendant's argument, the Court is unable to conclude that the errors described above were harmless. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate non-disability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted). "[W]e must analyze harmlessness

in light of the circumstances of the case." Id. at 1121 (citations and quotations omitted).

> [D]espite the burden to show prejudice being on the party claiming error by the administrative agency, the reviewing court can determine from the circumstances of the case that further administrative review is needed to determine whether there was prejudice from the error. Mere probability is not enough. But where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate.

McCleod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011).

It is true that an ALJ need not always consult a vocational expert to find that a claimant can perform the claimant's past relevant work. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Miller v. Heckler, 770 F.2d 845, 850 (9th Cir. 1985). In the present case, however, the ALJ expressly relied on (and mischaracterized) the vocational expert's testimony in concluding that Plaintiff could perform her past relevant work as generally and actually performed (A.R. 128). In the absence of any usable testimony from the vocational expert, it is uncertain what evidence the ALJ would have consulted, and what conclusion the ALJ would have reached, in the vocational analysis.

If it were clear on the present record that even a person with significant reaching and postural limitations could perform the job of physical fitness instructor as Plaintiff actually performed that job, perhaps the Court could deem the ALJ's errors harmless. As discussed below, however, the record is unclear in this regard.

As Defendant points out, Plaintiff apparently reported that in her past relevant work she "taught fitness classes such as aerobics, weight training, for Senior Citizens and students" without doing any sitting, climbing, stooping, kneeling, crouching, crawling or reaching (A.R. 283). Yet, Plaintiff also apparently reported that her past relevant work required "being physically fit, doing demonstrations of physical activity, the use of weight machines, laying [sic] on mats [on] the floor demonstrating balance and strength skills" (A.R. 333). Furthermore, Plaintiff testified that in her past relevant work she taught fitness "by example," "stretching, dancing, jumping, floor work . . . bending knees," and strengthening the upper body through repetitive hand weight exercises, including lifting the hand weights overhead (A.R. 59-61). Plaintiff testified that her "floor work" entailed getting on her hands and knees as well as on her back, and that her job required continuous movement (such as running in place)

///
///
///
///
///
///
///

for 35 minutes nonstop (A.R. 61-62).[2] Absent further development,[3] the record plainly does not support a confident conclusion that a person with any significant reaching or postural limitations could perform the job of physical fitness instructor as Plaintiff actually performed that job.

The appropriate remedy in the present case is a remand for further administrative proceedings, rather than a reversal with a directive for the payment of immediate benefits. See INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances). Contrary to Plaintiff's argument, it is unclear on the present record whether a person with Plaintiff's residual functional capacity could perform her past relevant work as she actually performed it (see A.R. 283).

Plaintiff's request that the case be assigned to a different ALJ is denied. Plaintiff has not carried her considerable burden of demonstrating judicial bias. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . judicial remarks

---

[2] The ALJ found some of Plaintiff's testimony not fully credible, but did not address the credibility of Plaintiff's testimony regarding the requirements of her past relevant work (A.R. 123-28).

[3] "The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).

1 during the course of a trial that are critical or disapproving of, or
2 even hostile to, counsel, the parties, or their cases, ordinarily do
3 not support a bias or partiality challenge"); see also Verduzco v.
4 Apfel, 188 F.3d 1087, 1089-90 (9th Cir. 1999) ("ALJs and other similar
5 quasi-judicial administrative officers are presumed to be unbiased");
6 Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir. 1993) ("[s]electing a
7 new ALJ is a decision for the [Commissioner] to make when there has
8 been no proof of bias or partiality by the original ALJ in the case").
9 The regrettable fact that during the administrative hearing in the
10 present case the ALJ resorted to sarcasm while expressing his evident
11 displeasure with the conduct of Plaintiff's counsel is insufficient to
12 prove any bias against Plaintiff, when considered in the context of
13 the entire record. See, id.; see also Bayliss v. Barnhart, 427 F.3d
14 1211, 1216 (9th Cir. 2005) ("In light of the ALJ's detailed and
15 reasoned written grounds for ruling against Bayliss, we conclude that
16 the statements in the ALJ's opinion in which the ALJ expressed
17 displeasure with the conduct of Bayliss's counsel are not sufficient
18 to establish bias.") (quoting Rollins v. Massanari, 261 F.3d 853, 858
19 (9th Cir. 2001) ("[E]xpressions of impatience, dissatisfaction,
20 annoyance, and even anger, that are within the bounds of what
21 imperfect men and women . . . sometimes display do not establish
22 bias.") (internal citations omitted).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 4, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.